IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

RALPH HOWARD BLAKELY,                )
                                     )   No. 74765-7-I
            Appellant,               )
                                     )   DIVISION ONE
      v.                             )
                                     )
MICHAEL CHARLES KAHRS and            )   UNPUBLISHED OPINION
KAHRS LAW FIRM TRUST ACCOUNT,        )
                                     )   FILED: April 24, 2017
            Respondents.             )
                                     )

BECKER, J. — This is Ralph Blakely's appeal of a summary judgment

dismissing claims of legal malpractice and breach of fiduciary duty. Blakely fails

to show that his attorney was obligated to assist him with legal matters outside

the scope of his representation as defined by a court order. We affirm.

Appellant Ralph Blakely is incarcerated as a result of his conviction for

solicitation of first degree murder. While incarcerated, Blakely contacted

respondent Michael Kahrs, an attorney, seeking legal advice. According to

Kahrs, Blakely wanted him to assist in pursuing post-conviction relief related to

his conviction and in obtaining medical care. Kahrs said he agreed to assist him

on these two matters.

Blakely is the beneficiary of a special needs trust in Spokane County

Superior Court. On December 3, 2009, the court issued an order approving the

disbursement of funds from Blakely's special needs trust. The court found that Blakely was in need of funds for the purposes of pursuing post-conviction relief and obtaining medical care. The court found that Blakely consented to the disbursement of funds for these purposes in the amount of $35,000 total. The court ordered the trustee to disburse $35,000 to Kahrs, to be held by Kahrs "in an individual trust account solely for the benefit of Mr. Blakely."

Over the next several years, Kahrs took various actions aligned with the court's order, investigating potential post-conviction relief and medical care for Blakely. During this time, Blakely requested that Kahrs file various torts and civil rights complaints on his behalf against the prison. Blakely was alleging that prison officials assaulted and battered him, were deliberately indifferent to his pain and suffering, and seized his legal documents. Kahrs declined to file such complaints and explained that these complaints were outside his representation as outlined by the Spokane County Superior Court's order. Blakely filed his civil rights complaints pro se.

Eventually, the attorney-client relationship broke down. In May 2015, Blakely, pro se, filed a complaint for legal malpractice and breach of fiduciary duty against Kahrs and his law firm. On January 25, 2016, the trial court dismissed all claims against Kahrs and his law firm with prejudice on summary judgment.

Blakely appeals, pro se.

If the party moving for summary judgment sustains the initial burden of showing that the case involves no genuine issue of material fact, the burden then

shifts to the nonmoving party to show that the case does indeed involve a genuine issue of material fact. Schaaf v. Highfield, 127 Wn.2d 17, 896 P.2d 665 (1995). If the nonmoving party cannot demonstrate a genuine issue of material fact, summary judgment will be granted. Our review of a grant of summary judgment is de novo; we engage in the same analysis as the trial court. Mahoney v. Shinpoch, 107 Wn.2d 679, 732 P.2d 510 (1987).

To prevail on a claim for legal malpractice, Blakely must prove, among other things, the existence of an attorney-client relationship giving rise to a duty of care on the part of the attorney to the client and an act or omission by the attorney in breach of the duty of care. Hizey v. Carpenter, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992). Blakely alleges that Kahrs breached his duty of care by refusing to represent him in pursuing the civil rights complaints and that he suffered damages when he had to file these complaints pro se.

In moving for summary judgment, Kahrs argued that his scope of representation was limited to representing Blakely for the two purposes identified by the Spokane County Superior Court order of December 3, 2009—pursuing post-conviction relief and obtaining medical care. He submitted the relevant court order. He also submitted two general representation agreements dated January 9, 2009, and May 1, 2009.

Blakely claims Kahrs manipulated or misled the trial court by refusing to provide a copy of the two general representation agreements. But as stated above, Kahrs did in fact submit these agreements to the trial court. These agreements were signed only by Blakely, not by Kahrs. Kahrs contended that

these representation agreements were superseded by the Spokane County Superior Court order limiting his representation.

Blakely contends the two general representation agreements raise an issue as to whether the scope of Kahrs's representation was actually limited. They do not, because they are not signed by Kahrs. Blakely's claim of legal malpractice was properly dismissed because, given the limited scope of the attorney-client relationship, the duty of care Kahrs owed to Blakely did not include an obligation to pursue the civil rights complaints or any other matters outside the scope of the court order.

To prevail on a claim of breach of fiduciary duty, a plaintiff must show (1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury. Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP, 110 Wn. App. 412, 433-34, 40 P.3d 1206 (2002). Blakely alleged in his complaint that he was billed $35,000 for services that were never received, that Kahrs took advantage of the fact that he was partially blind and vulnerable, and that Kahrs failed to return certain legal documents.

In support of the motion for summary judgment on this claim, Kahrs submitted a declaration asserting that he submitted his billings for legal services on Blakely's behalf to the trustee for approval and transferred the money from the trust account only after he received permission from the trustee. He stated that he always obtained the trustee's approval before making payments for medical and court records and for an investigator, medical experts, and other professionals. Kahrs declared that he returned all remaining trust account funds

to Blakely when he ended the attorney-client relationship. He attached copies of the trust account ledger, his billing invoices, and the relevant letters to Blakely and the trustee. Kahrs also stated that he sent Blakely all the materials from his file that he requested. With these submissions, Kahrs sustained the initial burden of showing that the case involves no genuine issue of material fact as to whether he breached his fiduciary duty. Blakely did not produce any evidence that rebuts the evidence presented by Kahrs. The trial court properly dismissed the claim for breach of fiduciary duty.

Blakely next contends that the court erred by refusing to consider certain materials he submitted in his opposition to Kahrs's motion for summary judgment. In an order dated January 25, 2016, the court said it would not consider materials submitted by Blakely in violation of CR 56(e). "A substantial portion of the materials submitted by Plaintiff were not made on personal knowledge, did not set forth facts that would be admissible in evidence, and/or did not affirmatively show the affiant was competent to testify to the matters stated therein. The court further notes that lay testimony is not competent to opine on the legal standard of care." Blakely gives us no reason to revisit the trial court's ruling on this issue.

Blakely next contends that the trial court erred in denying his motions to compel discovery filed in November and December 2015. In a response dated December 19, 2015, Kahrs represented to the trial court that defendants had fully answered both Blakely's complaint and his First Request for Interrogatories Combined with Request for Production of Documents. The record contains one

5

court order denying a motion to compel discovery by Blakely, dated January 12, 2016. Blakely does not explain how this order was erroneous. The gravamen of Blakely's complaint about discovery is that the court granted summary judgment before the defendants had produced all the documents that he believed were required.

The trial court granted Blakely's request for a 60-day extension of time at the first scheduled summary judgment hearing on November 20, 2015. The court continued the hearing to January 22, 2016. Because there is no indication in the record that Blakely requested a further extension of time, we conclude the court did not act unfairly in deciding the motion for summary judgment after the January 22 hearing.

Blakely next claims that the trustee of his special needs trust was not lawfully appointed because he was never officially declared an "incapacitated person" under Washington law and a required guardian ad litem was not appointed. These issues are separate from Blakely's complaints against Kahrs for legal malpractice and breach of fiduciary duty and are not properly before the court in this appeal.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, ACJ

Dwyer, J.

6